IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| LARRY SLUTSKY; WENDY SLUTSKY; CLAYTON SLUTSKY | ) ) ) ) ) ) | CIVIL ACTION FILE |
| Plaintiff, | ) ) ) | 3:10-cv-05331 (PGS-TJB) |
| v. | ) ) | |
| KIM GUADAGNO; WILLIAM FRASER; MONMOUTH COUNTY SHERIFF'S OFFICE; MONMOUTH COUNTY CORRECTIONAL INSTITUTION; JOHN AND JANE DOES, | ) ) ) ) ) ) ) ) ) | **REPLY BRIEF IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND  PARTIAL SUMMARY JUDGMENT** |
| Defendants | ) ) ) | **(RETURN DATE OF OCTOBER 17, 2011)** |

Levi J. Kool, Esq.
O'Donnell McCord, P.C.
15 Mount Kemble Avenue
Morristown, New Jersey 07960
(973) 538-1230
(973) 538-3301 Facsimile
ljkool@omlawpc.com

Attorneys for Defendants KIM GUADAGNO, WILLIAM FRASER, MONMOUTH COUNTY SHERRIF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION.

The Defendants KIM GUADAGNO, WILLIAM FRASER, MONMOUTH COUNTY SHERRIF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION, by and through its undersigned attorneys and briefly respond to the Plaintiffs' Opposition Brief.

## I.   BASIS OF MOTION FOR SUMMARY JUDGMENT AGAINST LARRY AND WENDY SLUTSKY FOR LACK OF STANDING

The Defendants' motion for Summary Judgment is based on legal principles that should not be determined by a jury. The question of standing is properly left in the hands of a Judge to avoid confusion by the average layperson in the jury pool. Standing is one of the principle foundations that must be established prior to allowing a claim to proceed. Standing must be met in all cases that go before both the State and Federal Courts.

A vital analysis of a claim brought under §1983 is to determine if the plaintiff has alleged the deprivation of a constitutionally protected right. "§1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). Constitutional rights are personal in nature and cannot be asserted by another. A parent of a child, a sister, wife or husband cannot assert the constitutional rights of another in §1983 claim. In the Plaintiffs' Opposition Brief, claims 10a through 10n have failed to prove that Larry and Wendy were deprived of an individual constitutional right. The Slutskys do not refute that Clayton is an

adult competent male and thus further have no right to allege his constitutional rights as their own.

Larry and Wendy Slutsky allege that the named Defendants violated their Constitutional rights by depriving them of their right to Due Process and Equal Protection. This is fundamentally flawed. The Due Process Clause of the Fourteenth Amendment in §1983 matters provides for two types of protections: the first incorporates many protections provided in the Bill of Rights, e.g. Freedom of Speech and Freedom from Unreasonable Search and Seizures; and the second contains a substantive component that deals with the fairness of the procedures used to implement them. Zinermon v. Burch, 494 U.S. 113, 125 (1990).  In the matter at hand, Larry and Wendy were not inmates at the MCCI, their liberties were not violated in any way nor was their property removed from them that would give rise to a Due Process violation. Their claim that they were not noticed that Clayton attempted to commit suicide is not a constitutionally protected right nor do they allege how this could potentially be a constitutional violation. The claims of Larry and Wendy of emotional distress and pain and suffering are not constitutionally protected claims suitable for a §1983 litigation.

In ensuring that Article III's case or controversy requirements are met, the Supreme Court has identified three *constitutional* requirements for standing: (1) an injury-in-fact; (2) a causal connection between the injury and the conduct; and (3)

likelihood that the injury will be <u>redressed</u> by a favorable decision.  <u>Valley Forge Christian College v. Americans United for Separation of Church and State</u>, 454 <u>U.S.</u> 464, 472 (1982).   Collectively, these three criteria are referred to as the "injury-in-fact" requirement. The Complaint and Opposition Brief have failed to provide a legal basis to support the claim that an injury-in-fact occurred for both Larry and Wendy. The lack of notice from the MCCI does not sufficiently give rise to an injury-in-fact for a §1983 matter nor does pain and suffering. As was argued in Defendants' moving papers the emotional distress argument fails as a matter of law due to the fact that Larry and Wendy did not directly observe the alleged treatment and/or alleged injuries sustained by Clayton. <u>Portee v. Jaffee</u>, 84 <u>N.J.</u> 88, 101 (1980).

Furthermore, "Under the "case and controversies" provisions of Article III of the Constitution a federal court only has jurisdiction over cases where plaintiff has a personal stake in the outcome throughout the litigation." <u>Clark v. Lane</u>, 276 <u>F.R.D.</u> 180, 190 (2010). The prisoner or former prisoner must have a continuing case or controversy that is "live at all stages of the proceedings." <u>Preiser v. Newkirk</u>, 422 <u>U.S.</u> 395, 401 (1975). This requires the litigant not only to be a current inmate but subject to the alleged violation in order to have a stake in the claim when seeking injunctive relief.  Thus a former prisoner cannot have standing to see injunctive relief for alleged ongoing or future violations. <u>Id.</u>

## II. QUALIFIED IMMUNITY HAS BEEN ESTABLISHED FOR SHERRIFF GUADAGNO AND WARDEN FRASER

As previously cited in the Defendants' moving papers, Plaintiffs must establish that the qualified immunity does not apply to Sherriff Guadagno and Warden Fraser through a two prong test. First, the Court must analyze whether the Plaintiff stated a violation of a constitutional or federal statutory right. Siegert v. Gilley, 500 U.S. 226, 232 (1991).  Secondly, to proceed to the second prong a right must be clearly established, meaning, were the "contours of the right ... sufficiently clear that a reasonable official would understand that what [he or she] is doing violates that right"? Anderson v. Creighton, 483 U.S. 635, 640 (1987). In their Opposition Brief, Plaintiffs have failed to prove that Sherriff Guadagno and Warden Fraser violated the rights of Clayton Slutsky or reasonably would have known that their actions would violate a right.

Furthermore, in order to find that the individually named Defendants are not entitled to qualified immunity, "[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rose v. Dellarcipete, 845 F.2d 1195, 1207 (1987) *quoting*, Parratt v. Taylor, 451 U.S. 537, 573 (1981), Hampton v. Holmesberg Prison Officials, 546 F.2d 1077, 1082 (3rd Cir. 1976). Personal involvement can be shown through allegations of personal direction or of actual

knowledge or acquiescence. Allegations of participation or actual knowledge or acquiescence, however, must be made with appropriate particularity. Id. at 1207. In the matter at bar there is not a basis for a finding that the individually named Defendants had any personal involvement in the alleged constitutional violations and therefore they are entitled to Qualified Immunity as a matter of law.

## CONCLUSION

Based on the Defendants' Motion for Summary Judgment and the Defendants' Reply Brief it is respectfully submitted that Summary Judgment should be granted in favor of Defendants, Kim Guadagno, William Fraser, Monmouth County Sheriff's Office and the Monmouth County Correctional Institution against any and all claims brought by Larry Slutsky and Wendy Slutsky. Larry and Wendy lack standing to bring suit against the Defendants in a §1983 claim in which their deprivation of rights have not occurred. Larry and Wendy cannot assert the rights of Clayton Slutsky as to their own. They have failed to argue any legal principals in their Opposition Brief that allege or give support to the claims of a violation of constitutionally protected individual rights.

Additionally, it is respectfully submitted that Summary Judgment should be granted for Defendants Kim Guadagno and William Fraser on the basis of Qualified Immunity. Sherriff Guadagno and Warden Fraser did not deviate from the policy and procedures set forth for the correctional institution and were

unaware of any of the alleged actions until after the fact. Sherriff Guadagno and Warden Fraser's actions did not have a personal participation in the alleged constitutional right and thus should be dismissed from this matter.


Dated:                                    By: /s/ Levi J. Kool

                                          Levi J. Kool, Esq.
                                          O'Donnell McCord, P.C.
                                          (973) 538-1230
                                          Ljkool@omlawpc.com