UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

LARRY SLUTSKY
WENDY SLUTSKY
CLAYTON SLUTSKY

    Plaintiffs Pro Se.                    CIVIL ACTION

v.                                      3:10-CV-05331 (PGS-TJB)

KIM GUADAGNO
WILLIAM FRASER                       AMENDMENT TO COMPLAINT
MONMOUTH COUNTY
  SHERIFF'S OFFICE
MONMOUTH COUNTY
  CORRECTIONAL INSTITUTION (MCCI)
JOHN AND/OR JANE DOES

    Defendants.

---

Larry Slutsky, Wendy Slutsky, Clayton Slutsky
Plaintiffs Pro Se
30 Orchard Ave West
Holmdel, New Jersey 07733

Tel. No. 732-739-4265

Under "POLICY" the official document states: "It is the policy of the Monmouth County Sheriff's Office Department of Corrections to ensure notification of the next of kin or legal guardian in the event of emergencies, such as a serious injury, illness or death of an inmate. Whenever possible, the permission of the inmate shall be gained, prior to such notification."

A notifying party in the official document is identified as "the health service administrator". Charlene Donovan was the MCCI's Health Services Administrator. She never provided the mandated emergency family notification to Larry Slutsky and Wendy Slutsky at any time, including the time they met with her face to face at the MCCI on October 22nd.

On October 19, 2008, within hours of his arrival at the MCCI, Clayton Slutsky's mental condition deteriorated. Further, it was severely exacerbated when he was purposefully placed with another inmate shortly after his arrival who assaulted him, and there were official terroristic threats were made to him to place him with certain other inmates to harm him. Exhibiting serious mental illness Clayton Slutsky was placed on suicide watch and, shockingly, put by certain corrections officers into a cell containing a telephone cord. Clayton Slutsky attempted suicide. Larry Slutsky and Wendy Slutsky were denied emergency family notification on October 19th.

On October 20th, MCCI bail official Karen Pierce called Larry Slutsky and Wendy Slutsky and strongly urged that they immediately pay the cash only bail, saying nothing about the suicide attempt the night before. Also, on October 20th, MCCI Dr. Wolf ordered that Clayton, with serious mental illness, should be taken to the hospital Crisis Center at Monmouth Medical Center. (The medical emergency transport did not occur immediately. It was deliberately delayed for two days, made dependent on bail monies being turned over.) Larry Slutsky and Wendy Slutsky were denied emergency family notification on October 20th.

On October 21st, Larry Slutsky and Wendy Slutsky called the MCCI and learned that Clayton Slutsky was in the Infirmary. "Bill", at the Infirmary, was spoken to, and refused to provide any information. Larry Slutsky and Wendy Slutsky had Clayton Slutsky's signed <u>State of New Jersey Mental Health Advance Directive</u> faxed to "Bill". In the Advance Directive, Clayton had designated Larry Slutsky and Wendy Slutsky as his mental health care representatives, which was ignored. Larry Slutsky and Wendy Slutsky were denied emergency family notification on October 21st.

On October 22, 2008, Larry Slutsky and Wendy Slutsky met face to face, on site at the MCCI, with Charlene Donovan, Health Services Administrator. She refused to provide any information regarding Clayton Slutsky, blatantly ignoring the mandated, official policy to "ensure" emergency family notification. Larry Slutsky and Wendy Slutsky were left in severe anguish and emotional pain. Larry and Wendy Slutsky were denied emergency family notification on October 22nd.

In a written FORMAL COMPLAINT directly to Sheriff Kim Guadagno, dated October 24, 2008, Larry Slutsky and Wendy Slutsky, iterated to her: "There was a life or death situation going on with Clay and it was being kept secret from his immediate family." Sheriff Guadagno never responded.

The government defendants violated Larry Slutsky and Wendy Slutsky's civil rights under the Fourteenth Amendment to the U.S. Constitution, including substantive due process, procedural due process and equal protection rights.