# O'DONNELL McCORD, P.C.
ATTORNEYS AT LAW

15 MOUNT KEMBLE AVENUE
MORRISTOWN, NEW JERSEY 07960
(973) 538-1230
FAX: (973) 538-3301

WRITER'S E-MAIL: LJKOOL@OMLAWPC.COM

Matthew J. O'Donnell\*■+†
Donald S. McCord, Jr.
Maryann O'Donnell McCoy\*
Elizabeth Anne Valandingham\*■+

ESSEX COUNTY OFFICE
SEVEN HUTTON AVENUE
WEST ORANGE, NJ 07052

MONMOUTH COUNTY OFFICE
1725 HIGHWAY 35, SUITE C
WALL, NJ 07719

PLEASE REPLY TO MORRISTOWN OFFICE

Jeanne M. Walsh ª
David N. Heleniak
Levi J. Kool\*
Jonathan Testa\*

\* Member NJ and NY Bars
ª Member NJ and PA Bars
+ Member U.S. Tax Court
■ Diplomate NJ Local Government Law
† Certified Public Accountant (NJ & NY)

November 5, 2012

**VIA ECF AND REGULAR MAIL**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

    Re:    **Slutsky et al., v. Guadagno et al.**
              **Civil Action No.: 3:10-cv-5331-GEB-TJB**

Dear Judge Bongiovanni:

    Receipt is acknowledged of the Court's Letter Order dated October 9, 2012. In this regard, please accept this Letter Brief in lieu of a more formal submission in response thereto. On September 28, 2012 the parties appeared before the Honorable Judge Peter G. Sheridan, U.S.D.J. for oral argument on the Defendant's Motion for partial Summary Judgment. The Court entered an Order on September 28, 2012 providing in part that the "Clayton Slutsky has thirty day to advise the Court by letter of whether one or both of his parents may be deemed guardian ad litem for the purposes of this Complaint." The Court further advised that it would seek to have an attorney appointed to represent the interests of the Pro Se Plaintiff, Clayton Slutsky pursuant to Fed R. Civ. P. 17(c)(2). On October 9, 2012, Your Honor sent a Letter Order requesting the parties submit briefs regarding the appropriateness of the appointment of counsel for

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 5, 2012
Page 2

Clayton Slutsky and include a copy of the Third Circuit Court of Appeals decision for the matter of <u>Powell v. Symons</u>, 680 F. 3d 301 (3d Cir. 2012).

In this Court's Letter Order specific reference was made to the decision in the <u>Powell</u> matter where the Court held that "[w]hen confronted with verifiable evidence from a mental health professional of an unrepresented litigant's incompetence, the District Court has an obligation, pursuant to Rule 17, to inquire into the litigant's competency." <u>Id</u>. at 310. Upon review of the applicable Court Rule and the case law addressing same, it is the Defendant's position that the appointment of an attorney is inappropriate where there has been no verifiable evidence of the unrepresented litigant's incompetence.

In this regard, to date the Court has not been provided with any "verifiable evidence from a mental health professional of an unrepresented litigant's incompetence…" <u>Powell</u>, <u>supra</u> at 310. The only evidence of any incompetency has been provided by the Defendant's through the course of discovery based upon the Plaintiff's incarceration. Therefore, while incarcerated at the Monmouth County Correctional Instituation (hereinafter "MCCI"), Plaintiff, Clayton Slutsky, attempted to commit suicide. Based upon the procedures of MCCI, Plaintiff was examined by a mental health professional and it was determined that the Plaintiff may be suffering from schizophrenia or bi-polar disorder. This was based upon the Plaintiff's own admission of hearing voices and his eratic and bizarre behavior. While this determination may be indicative of some underlying mental disorders, the court in <u>Powell</u> cited to Pa. R. Civ. P. 2051 which defines an "incapacitated person" as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that the person in partially or totally unable to manage financial resources or to meet the essential requirements for physical health and safety." In the matter at bar, the only indicia of any mental incompetence is the report from the MCCI health

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 5, 2012
Page 3

care professionals indicating that the Plaintiff may suffer from some mental health issues. At no point during this litigation has there been any "verifiable evidence from a mental health professional of an unrepresented litigant's incompetence…" Id. at 310.

Therefore, for the reason set forth above, it is respectfully submitted that no guardian should be appointed for Plaintiff, Clayton Slutsky.

Very truly yours,

O'DONNELL McCORD, PC

LEVI J. KOOL

LJK:ce
cc:   Larry Slutsky
      Wendy Slutsky
      Clayton Slutsky
      Andrea I. Bazer, Esq.