UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

April 4, 2013

### LETTER ORDER

Re:   Slutsky, et al. v. Guadagno, et al.
      Civil Action No. 10-5331 (PGS)

Dear Mr. Slutsky and Counsel:

Currently pending before the Court is Plaintiffs' Motion to Compel discovery from Defendants Kim Guadagno, William Fraser, Monmouth County Sheriff's Office, and Monmouth County Correction Institution ("Defendants") [Docket Entry No. 34]. Defendants oppose Plaintiffs' Motion [Docket Entry No. 35]. The Court has fully reviewed the papers submitted in support of Plaintiffs' motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiffs' Motion to Compel is DENIED WITHOUT PREJUDICE.

**I.   BACKGROUND**

This action, brought pursuant to 42 U.S.C. § 1983, arises out of alleged misconduct occurring during the incarceration of Plaintiff Clayton Slutsky. Larry and Wendy Slutsky, Clayton's parents, have also asserted a cause of action, alleging that corrections officers and employees of the correctional institution failed to contact them when Clayton was hospitalized. Plaintiffs allege that Clayton suffers from mental illness, as well as "Undiagnosed Late Stage Lyme Disease affecting the brain (Neuroborreliosis)." Compl., Docket Entry No. 1, *3. Plaintiffs further allege that Clayton was subjected to "action, amounting to torture, including inhumane, cruel, dangerous, degrading treatment and conditions of confinement." *Id.* at *2. Plaintiffs thereafter filed a Formal Complaint with Sheriff Kim

Guadagno, requesting that an internal investigation be conducted into the allegations of misconduct. Plaintiffs claim that no response or results of an internal investigation were ever given and Plaintiffs subsequently filed the instant cause of action.

The instant motion concerns Plaintiffs' attempt to compel production of "all Monmouth County Sheriff's Office internal investigation records, reports, and files, pertaining to this case, being withheld from discovery under claims of privilege." *Plaintiff's Brief in Support,* Docket Entry No. 34-1, *4. Plaintiffs state that Defendants' counsel sent a letter dated July 20, 2011, advising them "'that pursuant to the rules of evidence the internal investigation conducted by the Monmouth County Sheriff's Office is protected under the privilege of self-critical analysis and the government's deliberative-process privilege.'" *Id.* at *5. Plaintiffs claim that they thereafter objected twice to the designation of the materials as privileged and no response was ever received, thereby necessitating court intervention. *Id.*

Plaintiffs argue that an internal investigation was in fact initiated by Sheriff Guadagno and that the purpose of the investigation was "to determine the facts, and not primarily as a self-critical analysis or deliberative process exercise." *Id.* at *6. Plaintiffs argue that Defendants bald claim of privilege requires an *in camera* analysis by the Court. Plaintiffs cite *Torres v. Kuzniasz,* 936 F.Supp. 1201 (D.N.J. 1996), finding that a New Jersey State Police internal investigation report was not protected by the self-critical analysis privilege because it consisted of facts underlying the investigation and was not an institutional-wide or department-wide process of evaluation. *Id.* at *8. Plaintiffs claim that the information contained in such a report is not readily available from other sources and would not harm the government's interest in future investigations. Further, to the extent that the Court determines that any information is privileged, "such protected information should be severed, and all relevant factual information disclosed to the Plaintiffs." *Id.* at *10.

Defendants begin their opposition by proffering a lengthy analysis of the application of privilege law in federal court. Defendants then proceed to argue that "as a matter of fairness Plaintiffs' Motion to

Compel the Discovery should be denied." *Defendants' Brief in Opposition,* Docket Entry No. 35, *8. In support of this argument, Defendants claim that Plaintiffs have failed to submit their discovery request since the entry of the pretrial scheduling order in this matter on January 10, 2013. *Id.* Defendants contend that Plaintiffs' failure to communicate their discovery demands "since the Court's decision on the Defendants' Motion for Summary Judgment" has resulted in Defendants being denied "an opportunity to obtain the appropriate declaration regarding the claim for exemption for the disclosure of the requested documents." *Id.* at *8-9.

Defendants further argue that the information sought is privileged and exempt from disclosure because the information was gathered in anticipation of litigation. *Id.* at *9. Defendants claim that Plaintiffs held the burden of showing a "substantial need" for the documents requested and that they have failed to do so. *Id.* Moreover, Defendants maintain that the information is protected by the work-product privilege and that litigation could have reasonably been anticipated based upon Plaintiffs' the Formal Complaint. *Id.*

In the event that the Court finds the materials to be nonprivileged, Defendants argue that Plaintiffs are nonetheless "not entitled to the evaluative summaries, recommendations or conclusions contained within the report because they are protected by the official information privilege." *Id.* at *11. Defendants argue that, in invoking the official information privilege, "the objection must be accompanied by a declaration or affidavit" which itself is to include several criteria. *Id.* at 12. Defendants maintain that they should be afforded the opportunity to make such a detailed declaration before the instant motion is ruled upon.

**II.    ANALYSIS**

The Federal Rules of Civil Procedure govern civil matters filed in federal court. FED.R.CIV.P. ("Rule") 1. Rule 26(b)(1) governs the scope of permissible discovery in civil matters filed in federal court. According to Rule 26(b)(1), "the scope of discovery is as follows: Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Further, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . ., the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Rule 26(b)(5)A)(ii).  Parties generally accomplish same by producing privilege logs that identify for each document withheld:  the date of the document, the name of its author, the names of all of its recipients, the subject of the document and the privilege(s) asserted.  *See Wei v. Bodner*, 127 F.R.D. 91, 96 (D.N.J. 1989).

As a threshold matter, the Court finds that no issue exists with respect to fairness in Plaintiffs filing the instant motion.  Plaintiffs made their discovery demand, albeit approximately eighteen months ago, and, having objected to the privilege designation asserted by Defendants and having received no response to their objections, have properly moved before the Court.   There was no requirement or responsibility on behalf of Plaintiffs to re-propound their discovery requests in light of the pretrial scheduling order entered on January 10th.

With respect to the competing arguments regarding the designation of the materials as privileged, the Court finds that It is unable to rule on this issue at this juncture, as it is unclear what privilege(s) is(are) being asserted.  Plaintiffs have quoted from Defendants July 20, 2011 letter which initially invoked the privileges of "self-critical analysis and the government's deliberative-process privilege", however, Defendants never mention either of those privileges in their brief and indeed, invoke different privileges. *Plaintiff's Brief in Support,* at *5.  Furthermore, there is no indication by either party that a privilege log has been produced.   In the absence of a privilege log asserting exactly which privileges are being invoked, the Court simply cannot determine at this time whether Plaintiffs' Motion should be granted.

Moreover, the Court is also unable to rule on the propriety of an *in camera* review without a proper privilege log.

In light of the foregoing, the Court is ordering that Defendants produce a privilege log both to Plaintiffs and to the Court no later than **April 15, 2013**.   The Court notes that a status telephone conference is currently scheduled in this matter for April 18, 2013.   The Court intends to discuss this issue after reviewing Defendants privilege log during the telephone conference

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTION [DOCKET ENTRY NO. 34] ACCORDINGLY.**

  s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**