NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LARRY SLUTSKY, et al.,** | : | |
| | : | **Civil Action No. 10-5331 (PGS)** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **REPORT AND RECOMMENDATION** |
| | : | |
| **KIM GUADAGNO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court are two motions.   The first is Defendants Kim Guadagno, et al.s' ("Defendants") motion for a more definite statement and to strike Plaintiff's Amended Complaint [Docket Entry No. 47].   Plaintiffs Larry, Wendy and Clayton Slutsky ("Plaintiffs") oppose Defendants' motion [Docket Entry No. 51].   The second is Plaintiffs' motion for reconsideration of the District Court's Order [Docket Entry No. 22] granting in part and denying in part Defendants' Partial Motion for Summary Judgment [Docket Entry No. 52]. Defendants have opposed this motion [Docket Entry No. 57].   The Court has fully reviewed all arguments made in support of and in opposition to both Defendants' and Plaintiffs' motions.   For the reasons set forth more fully below, the Court recommends that both motions be DENIED.

## I.    Background and Procedural History

On October 13, 2010 Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1983, alleging misconduct which occurred during the incarceration of Plaintiff Clayton Slutsky. Plaintiffs Larry and Wendy Slutsky, Clayton's parents, have also asserted a cause of action,

alleging that corrections officers and employees of the correctional institution failed to contact them when Clayton was hospitalized. Plaintiffs allege that Clayton suffers from mental illness, as well as "Undiagnosed Late Stage Lyme Disease affecting the brain (Neuroborreliosis)." (Compl. at 3; Docket Entry No. 1.)   Plaintiffs further allege that Clayton was subjected to "action, amounting to torture, including inhumane, cruel, dangerous, degrading treatment and conditions of confinement." (*Id.* at 2). Plaintiffs thereafter filed a Formal Complaint with Sheriff Kim Guadagno, requesting that an internal investigation be conducted into the allegations of misconduct.   Plaintiffs claim that no response or results of an internal investigation were ever given and Plaintiffs subsequently filed the instant cause of action.

On September 28, 2012, the Honorable Peter G. Sheridan, U.S.D.J. issued an Order ("Order") granting in part and denying in part Defendants' Motion for Partial Summary Judgment, dismissing the claims of Larry and Wendy Slutsky. [Docket Entry No. 22].   In Its reasoning, the District Court found that Plaintiffs' claims of both negligent and intentional infliction of emotional distress were not adequately pled as tort claims, and therefore, were dismissed. (*See* Sept. 28, 2012 Transcript ("the 9/28/12 Transcript") at 5:17-19.   However, the Court allowed for one exception based upon "a policy of the sheriff's officers to give notice [to] the parents[,]" opining that the failure to abide by the policy "may constitute some type of due process violation." (*Id.* at 5:20-25, 6:1-3).   As such, the District Court gave "Larry Slutsky and Wendy Slutsky…thirty days to amend their complaint to set forth a claim based upon the policy of [] Monmouth County to contact relatives in a case of emergency[.]" (*Order* at 1).   On October 23, 2012, Plaintiffs filed an "Amendment to Complaint" setting forth "a constitutional claim of deprivation of substantive due process, procedural due process and equal protection rights under the Fourteenth Amendment of the U.S. Constitution." (*See Amendment to Complaint* at 6; Docket Entry No. 40).   Plaintiffs' claim stems from Defendants' failure to follow their

2

official policy to notify next of kin in medical emergencies. (*Id.*)   Defendants never moved or answered with respect to Plaintiffs' Amendment.

By Order dated April 4, 2013, this Court instructed Plaintiffs to incorporate their Amendment to Complaint into their Complaint, so as to have one inclusive document. [Docket Entry No. 37]. Plaintiffs did so on April 23, 2013 [Docket Entry No. 40].   On May 15, 2013, Defendants filed the instant motion to strike Plaintiffs' Amended Complaint or for a More Definite Statement. Additionally, on June 3, 2013 Plaintiffs filed the instant Motion for Reconsideration of the District Court's Order.   The Court shall address each motion in turn.

## II.    Argument

### A.  Motion to Strike or for a More Definite Statement

Defendants argue that Plaintiffs' Amended Complaint should be stricken pursuant to Fed.R.Civ.P. 12(f) because it contains essentially "the same claims and allegations as set forth in the Plaintiff's original Complaint" which were previously dismissed by the District Court. (*Defendants' Brief in Support* at 5; Docket Entry No. 47].   Defendants maintain that several areas of the Amended Complaint continue to contain claims of "emotional and mental distress" as well as "anguish and emotional pain[.]" (*Id.* at 6, citing ¶¶ 5a, 12 of Am.Compl.).   As such, Defendants contend that *res judicata* applies and that the Amended Complaint should be stricken because Plaintiffs should be precluded from reintroducing those claims into this litigation. (*Id.* at 5).

In the alternative, Defendants ask this Court to direct Plaintiffs to further amend their complaint to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e).   Defendants maintain that Plaintiff's Amended Complaint contains "broad factual and legal allegations from which the Defendants cannot glean; (1) what causes of action are being alleged; and/or (2) which Plaintiffs allege these claims." (*Id.* at 7).   Defendants argue that Plaintiffs' Amended Complaint is

un-numbered and overbroad with factual and legal claims. (*Id.* at 8).   Defendants argue that they properly responded to Plaintiffs' Amended Complaint by filing the instant motion. (*Id.* at 9, citing *Philips v. Girdich,* 408 F.3d 124 (2d Cir. 2005) and *Hilska v. Boisfeuillet,* 217 F.R.D. 16 (D.D.C. 2003)).   In support, Defendants note that "[w]hile the parties have been able to engage in a substantial amount of discovery based on the allegations set forth in Plaintiffs' original complaint, the Defendants cannot provide an adequate response or determine which claims, if any, are barred by the Order of [the District Court] dismissing the claims of Plaintiffs Larry and Wendy Slutsky." (*Id.*)   In this regard, Defendants request that the motion for a more definite statement be granted.

Plaintiffs Larry and Wendy Slutsky begin by arguing that their Amended Complaint fully complies with the District Court's Order. (*Plaintiffs' Brief in Opposition* at 4; Docket Entry No. 51).   Plaintiffs claim that the Amended Complaint is not "vague or ambiguous" and, as such, is not subject to Rule 12(e). (*Id.*)   Further, Plaintiffs note that Defendants did not "raise[] any such issues, or any inability to identify Plaintiffs' claims in their Answer to the original complaint, dated December 8, 2010." (*Id.* at 5).   Plaintiffs contend that their Amended Complaint fully satisfies the pleading requirements under Fed.R.Civ.P. 8(a) and indeed, Plaintiffs note that the District Court upheld the original complaint under this Rule. (*Id.* at 6; *See also* the 9/28/12 Transcript at 3:2-10). Plaintiffs submit that their Amended Complaint is not a reassertion of Larry and Wendy Slutsky's original claims and that any relief under Fed.R.Civ.P. 12(e) should be denied.

Likewise, Plaintiffs argue that any relief pursuant to Fed.R.Civ.P. 12(f) should also be denied.   Plaintiffs note that motions to strike are generally viewed with disfavor, especially when applied to *pro se* pleadings. (*Id.* at 8, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir. 1985).   As such, Plaintiffs argue that their Amended Complaint should not be stricken.

Plaintiffs' last argument addresses Defendants' statement that "the Defendants cannot provide an adequate response or determine which claims, if any, are barred by the Order of [the District Court]" and argues that, by way of this statement, Defendants "are raising the position that [the District Court's] Order is, in effect, inadequate." (*Id.* at 9, quoting *Defs. Br. in Supp., supra* at 9).   In this regard, Plaintiffs indicate that they will be filing a motion for reconsideration of the District Court's Order in conjunction with the instant motion. (*Id.*, discussed *infra*).

Defendants' reply centers mainly on the argument that dismissal of Plaintiffs' complaint under Fed.R.Civ.P. 8(a) was never litigated in this matter. (*Defendants' Brief in Reply* at 3; Docket Entry No. 56).   Defendants maintain that their summary judgment motion did not contemplate Rule 8 or seek to dismiss Plaintiffs' complaint on those grounds. (*Id.*)   Defendants again request that the Court require Plaintiffs to file another amended complaint, arguing that "[w]ithout a clear designation which Plaintiff is alleging which claim, it is impossible for the Defendants to respond to the amended complaint." (*Id.*)   Lastly, Defendants submit that they have clearly pointed out the defects in the Amended Complaint as required by Rule 12(e).

### B.  Motion for Reconsideration

Prompted by their opposition to Defendants' motion for a more definite statement, Plaintiffs have filed a motion to reconsider the District Court's Order of September 28, 2012.   For the reasons set forth below, the Court declines to summarize the arguments of the parties at length herein, as the Court's recommendation rests upon a procedural violation and not the merits of Plaintiffs' argument.

III.     **Analysis**

**A.  Motion for Reconsideration**

The Court shall address Plaintiffs' Motion for Reconsideration first.   In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i). L.Civ.R. 7.1(i) mandates that such motions "shall be served and filed within 14 days after the entry of the order of judgment on the original motion by the Judge or Magistrate Judge."   Motions for reconsideration are considered "extremely limited procedural vehicle(s)."   *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992).   As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002).   As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."   *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As a threshold matter, the Court finds that Plaintiffs' motion is exceedingly untimely.   As stated above, motions for reconsideration are to be filed within 14 days of the entry of the Order. The District Court's Order was entered on September 28, 2012.   Plaintiffs' motion, filed on June 3, 2013 is several months delayed and is therefore noncompliant with L.Civ.R. 7.1(i). Any motion that is untimely filed may be denied for that reason alone. *Oriakhi v. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 55379, at *7 (D.N.J. June 29, 2009). *See also Crisdon v. N.J. Dept. of Education*, 2011 U.S. Dist. LEXIS 35678 (D.N.J. Nov. 9, 2011), aff'd 464 Fed.Appx. 47 (3d Cir. 2012)

6

(motion filed four months after order entered); *In re Laverde,* 2010 U.S. Dist. LEXIS 85769 (D.N.J. Aug. 18, 2010) (motion filed ten months after order entered). The Court shall therefore recommend that Plaintiffs' motion be denied on these grounds.   In light of this recommendation, the District Court's Order is presumed to remain in effect and therefore, the Court shall turn to Defendants' motion to strike or for a more definite statement.

**B.  Motion to Strike or for More Definite Statement**

Fed.R.Civ.P. 12(f) permits a court, upon motion, to strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[.]"   "Because of the drastic nature of the remedy, however, motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002); *see also J. & A. Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991) ("Rule 12(f) motions are disfavored, especially in the absence of prejudice") (citing *Abrams v. Lightolier, Inc*., 702 F. Supp. 509, 511 (D.N.J.1988)). The Court notes that this rule "is not designed to strike inartistic pleadings or to provide a more definite statement ..." *Tr. of Hotel Indus. Pension Fund v. Carol Mgmt. Corp*., 880 F.Supp. 1548, 1551 (S.D.Fla.1995) (internal citations omitted).

Under the Court's notice pleading standard, a pleading need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2). Fed.R.Civ.P. 12(e) permits a party to "move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions, however, are "not favored," and "should be granted only if the allegations contained in the complaint are so vague that the defendant cannot reasonably be expected to frame a response to it."

*Thompson v. Mobile Communications*, No. CIV. A 98-4691, 1999 WL 232018, *8 (D.N.J. April 19, 1999) (internal quotation marks and citations omitted).   With respect to amended complaints and Fed.R.Civ.P. 12(g)(2), "even if a plaintiff files an amended complaint...[it] does not revive the right to interpose defenses or objections which might have been made to the original complaint." *WW, LLC v. The Coffee Beanery*, 2012 U.S. Dist. LEXIS 121347 (D.Md. 2012), quoting *Lanehart v. Devine,* 102 F.R.D. 592, 594 (D.Md. 1984).   *See also CGL, LLC v. William Schwab*, 2012 U.S. Dist. LEXIS 135534 (E.D.Pa. 2012) (Defendant was precluded from bringing other arguments based on an amended complaint because it did not include any additional facts or legal claims but merely added indispensable parties).   Additionally, in cases involving *pro se* litigants, the Court has the added constraint that It must construe submissions by *pro se* plaintiffs broadly. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Court finds that striking Plaintiffs' Amended Complaint is not warranted here. Although the Amended Complaint includes phrases such as "emotional distress" and "emotional pain," the Court finds that Plaintiffs are not seeking to reinstate their previously dismissed tort claims.   In fact, the Court finds that Plaintiffs are properly alleging that such emotional distress was a result of a due process violation when Defendants failed to give Plaintiffs' notice of their son's condition, pursuant to the official Monmouth County policy.   Indeed, Plaintiffs' motion for reconsideration notwithstanding, all parties have spent the past seven months progressing in this case with the knowledge and acceptance that Plaintiffs' tort claims were dismissed.   Even when taking into account the motion for reconsideration, the Court notes that it was prompted by Defendants' statement that Defendants could not "determine which claims, if any, are barred by the Order[,]" not because Plaintiffs were seeking reinstate old tort claims. (*See Pls.' Br.in Opp'n, supra* at 9).   Therefore, the Court finds that no confusion arises from the Amended Complaint

8

and as such, it need not be stricken.

Likewise, the Court declines to require the *pro se* Plaintiffs to submit another amended complaint under Rule 12(e).   While the Court notes that Plaintiffs essentially submitted their original complaint with the addendum of paragraph 5a, the Court shall expressly state that the current Amended Complaint shall NOT reinstate any claims of Larry and Wendy Slutsky that were dismissed by the District Court. As per the District Court's Order, Larry and Wendy Slutsky's sole causes of action shall be those stemming from Defendants' alleged failure to follow the official policy of Monmouth County to notify family members of an inmate's medical condition.   Indeed, the Court notes that Plaintiffs' original Amendment to Complaint enumerating the above causes of action remained un-objected to, either procedurally or substantively, by Defendants for approximately seven months.   Lastly, the Court finds that Defendants have enough information to answer the Amended Complaint based on the fact that Defendants were able to file a coherent answer to the original complaint. (*See* Docket Entry No. 4).   Given the stark similarity between the original and amended complaints, the Court finds that Defendants are capable of answering Plaintiffs' Amended Complaint.   Indeed, Defendants never raised any inability to identify the causes of action in Plaintiff's original complaint and therefore, the Court is unpersuaded that Defendants are somehow unable to do so with respect to the Amended Complaint. (*See also WW, LLC, supra,* at *7) (holding that defendants may not revive objections that might have been made to the original complaint).   This finding is made especially compelling in light of the fact that the case has been pending for nearly three years with discovery having been conducted.

**IV.      Conclusion**

For the reasons set forth above, and the Court having considered this matter pursuant to L.Civ.R. 78.1(b);

IT IS on this 17th day of July, 2013,

RECOMMENDED that Defendants' motion to strike Plaintiffs' Amended Complaint or for a more definite statement be DENIED; and it is further

RECOMMENDED that Plaintiff's Motion for Reconsideration be DENIED; and it is further

ORDERED that the Clerk of the Court terminate the aforementioned motions [Docket Entry Nos. 47, 52].

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

Respectfully submitted,

s/Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

10