Levi J. Kool, Esq.
**O'DONNELL, McCORD P.C.**
15 Mount Kemble Avenue
Morristown, New Jersey 07960
T: (973) 538-1230
F: (973) 292-1749
Attorneys for Defendants

| | |
|---|---|
| LARRY SLUTSKY, WENDY SLUTSKY AND CLAYTON SLUTSKY<br><br>Plaintiffs,<br><br>-vs-<br><br>KIM GUADANDO in her individual and official capacity and Successors, WILLIAM FRASER in his individual and official capacity and Successors, MONMUOTH COUNTY SHERIFF'S OFFICE, MONMOUTH COUNTY CORRECTIONAL INSITUTION, JOHN AND/OR JANE DOES<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 10-5331<br><br>CIVIL ACTION<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants, Kim Guadando, William Fraser, Monmouth County Sheriff's Office and Monmouth County Correctional Institution by way of Answer to the plaintiffs' Amended Complaint says:

## **PARTIES**

1. Admitted.

2. Neither admitted nor denied, unknown as to defendants.

3. Neither admitted nor denied, unknown as to defendants.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## NATURE OF CLAIM

8. Admitted that Clayton Slutsky was incarcerated at the Monmouth County Correctional Institution over the period of Sunday, October 19, 2008 to Wednesday, 22, 2008. Otherwise denied.

9. Admitted that Clayton Slutsky was under the care and supervision of Monmouth County Correctional Institution correction officer and staff. Otherwise denied.

10. Denied.

## JURISDICTION

11. Admitted.

## NOTICES OF CLAIM

12. Admitted.

## FACTUAL ALLEGATIONS

13. Neither admitted nor denied; unknown to defendants.

14. Neither admitted nor denied; unknown to defendants.

15. Neither admitted nor denied; unknown to defendants.

16. Admitted that Clayton Slutsky was charged with "luring." Otherwise denied.

17. Neither admitted nor denied; unknown to defendants.

18. Denied.

19. Denied.

20. Neither admitted nor denied; unknown to defendants.

21. Neither admitted nor denied; unknown to defendants.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Neither admitted nor denied; unknown to defendants.

27. Neither admitted nor denied; unknown to defendants.

28. Neither admitted nor denied; unknown to defendants.

29. Neither admitted nor denied; unknown to defendants.

30. Neither admitted nor denied; unknown to defendants.

31. Neither admitted nor denied; unknown to defendants.

32. Neither admitted nor denied; unknown to defendants.

33. Denied.

34. Denied.

35. Denied.

36. Denied insofar as such violations did not occur.

## **COUNT I**

37. See above responses.

38. Denied.

39. Denied.

40. Denied.

41. Neither admitted nor denied; unknown to defendants.

42. Denied.

43. Neither admitted nor denied; unknown to defendants.

## COUNT II

44. See above responses.

45. Denied.

## COUNT III

46. See above responses.

47. Neither admitted nor denied; unknown to defendants.

48. Neither admitted nor denied; unknown to defendants.

49. Neither admitted nor denied; unknown to defendants.

## COUNT IV

50. See above responses.

51. Neither admitted nor denied; unknown to defendants.

52. Neither admitted nor denied; unknown to defendants.

53. Neither admitted nor denied; unknown to defendants.

## COUNT V

54. See above responses.

55. Neither admitted nor denied; unknown to defendants.

56. Denied.

## COUNT Va.

57. See above responses.

58. Denied.

59. Neither admitted nor denied; Plaintiff's statement is a legal conclusion and does not assert any factual claim or statement.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted that a part of the Monmouth County Correctional Institution's official policy it titled as alleged. Denied that same constitutes the entire policy and/or protocol of Defendants.

66. Admitted that the "POLICY" is as set forth in the Plaintiff's Amended Complaint.

67. Admitted.

68. Admitted.

69. Neither admitted nor denied; unknown to defendants.

70. Neither admitted nor denied; unknown to defendants as to Plaintiff's mental condition. Denied that Plaintiff was assaulted and/or threats were made against him.

71. Neither admitted nor denied; unknown to defendants as to Plaintiff's mental condition.

72. Admitted.

73. Neither admitted nor denied; unknown to defendants.

74. Neither admitted nor denied; unknown to defendants.

75. Neither admitted nor denied; unknown to defendants.

76. Denied.

77. Neither admitted nor denied; unknown to defendants.

78. Neither admitted nor denied; unknown to defendants.

79. Neither admitted nor denied; unknown to defendants.

80. Neither admitted nor denied; unknown to defendants.

81. Admitted that Plaintiff's State of New Jersey Mental Health Advance Directive designated Larry Slutsky and Wendy Slutsky as mental health care representative; otherwise denied.

82. Neither admitted nor denied; unknown to defendants.

83. Neither admitted nor denied; unknown to defendants.

84. Neither admitted nor denied that Plaintiff's Larry and Wendy Slutsky met with Charlene Donovan; unknown to defendants. Denied that any policy or mandate was ignored.

85. Neither admitted nor denied; unknown to defendants. Plaintiff's allegation call for legal conclusion not founded in fact.

86. Admitted.

87. Neither admitted nor denied; unknown to defendants.

88. Denied.

## COUNT VI

89. See above responses.

90. Neither admitted nor denied; unknown to defendants.

91. Neither admitted nor denied; unknown to defendants.

92. Neither admitted nor denied; unknown to defendants.

93. Denied.

## COUNT VII

94. See above responses.

95. Denied.

96. Neither admitted nor denied; unknown to defendants.

97. Neither admitted nor denied; unknown to defendants.

98. Denied.

99. Denied that such treatment existed.

## COUNT VIII

100. See above responses.

101. Denied that such treatment existed.

102. Denied.

## COUNT IX

103. See above responses.

104. Neither admitted nor denied; unknown to defendants.

105. Neither admitted nor denied; unknown to defendants.

106. Neither admitted nor denied; unknown to defendants.

107. Neither admitted nor denied; unknown to defendants.

## COUNT X

108. See above responses.

109. Neither admitted nor denied; unknown to defendants.

110. Neither admitted nor denied; unknown to defendants.

111. Neither admitted nor denied; unknown to defendants.

## COUNT XI

112. See above responses.

113. Neither admitted nor denied; unknown to defendants.

114. Neither admitted nor denied; unknown to defendants.

## COUNT XII

115. See above responses.

116. Neither admitted nor denied; unknown to defendants.

117. Neither admitted nor denied; unknown to defendants.

118. Neither admitted nor denied; unknown to defendants.

119. Neither admitted nor denied; unknown to defendants.

120. Neither admitted nor denied; unknown to defendants.

121. Neither admitted nor denied; unknown to defendants.

## COUNT XIII

122. See above responses.

123. Denied.

124. Denied.

125. Denied.

126. Denied that such treatment existed.

127. Denied.

## COUNT XIV

128. See above responses.

129. Denied.

130. Neither admitted nor denied; unknown to defendants.

131. Neither admitted nor denied; unknown to defendants.

## COUNT XV

132. See above responses.

133. Neither admitted nor denied; unknown to defendants.

134. Neither admitted nor denied; unknown to defendants.

135.   Neither admitted nor denied; unknown to defendants.

## COUNT XVI

136.   See above responses.

137.   Denied.

WHEREFORE defendants Kim Guadando, William Fraser, Monmouth County Sheriff's Office and Monmouth County Correctional Institution, demand judgment in their favor dismissing the Complaint with prejudice

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted

## SECOND SEPARATE DEFENSE

Defendants were not guilty of any negligence, wrongdoing, breach of duty or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

## THIRD SEPARATE DEFENSE

Any claims against answering defendants are barred by contributory negligence or should be mitigated by comparative negligence.

## FOURTH SEPARATE DEFENSE

Any and all injuries were proximately caused by actions or negligence of plaintiff or by persons not under the control of these defendants.

## FIFTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

## SIXTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

### SEVENTH SEPARATE DEFENSE

Defendants performed each and every duty, if any, owed to the plaintiff.

### EIGHTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution pursuant to 42 U.S.C. §1983.

### NINTH SEPARATE DEFENSE

The defendants named individually are entitled to qualified immunity in his or her personal capacity.

### TENTH SEPARATE DEFENSE

The defendants are entitled to immunity as plaintiff has failed to allege an official policy or custom as the cause of the alleged constitutional violation.

### ELEVENTH SEPARATE DEFENSE

Defendants neither took nor sanctioned any of the actions alleged by the plaintiff.

### TWELFTH SEPARATE DEFENSE

Defendants acted in good faith in carrying out all duties.

### THIRTEENTH SEPARATE DEFENSE

Any action or inaction on the part of the defendants was the result of the exercise of judgment or discretion vested in defendants within the meaning of the applicable law.

### FOURTEENTH SEPARATE DEFENSE

Defendants acted in good faith without malicious intent in carrying out all duties.

### FIFTEENTH SEPARATE DEFENSE

Defendants at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

### SIXTEENTH SEPARATE DEFENSE

While denying all liability, co-defendants were not acting as agents of these defendants at the time of the acts allegedly committed in the Complaint.

### SEVENTEENTH SEPARATE DEFENSE

While denying all liability, co-defendants did not know and had no reasonable basis to know that co-defendants had the propensity to engage in the acts alleged in the Complaint.

### EIGHTEENTH SEPARATE DEFENSE

All of the acts of defendants were performed in good faith and defendants are therefore entitled to qualified immunity.

### NINETEENTH SEPARATE DEFENSE

Defendants are entitled to absolute immunity.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred by the entire controversy doctrine.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppels, laches, waivere and/or unclean hands.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's failed to take reasonable and necessary measures to mitigate damages.

### TWENTY-THIRD SEPARATE DEFENSE

Defendants reserve their right to assert such other affirmative defenses as continuing investigation and discovery may indicate

### TWENTY-FOURTH SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

### **TWENTY-FIFTH SEPARTE DEFENSE**

Plaintiff has failed to exhaust all available administrative remedies.

### **JURY DEMAND**

Please take notice that the defendant hereby demands a trial by jury as to all issues.

**O'DONNELL McCORD P.C.**
Special County Counsel


By:  /S/ LEVI J. KOOL, ESQ.
  LEVI J. KOOL, ESQ.

DATED: August 14, 2013