**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
LARRY SLUTSKY, et al.,                  :
                                        :          Civil Action No. 10-5331 (PGS)
                                        :
                  Plaintiff,            :
                                        :          **ORDER**
v.                                      :
                                        :
KIM GUADAGNO, et al.,                   :
                                        :
                  Defendants.           :
_____:


     This matter is before the Court on an appeal of Magistrate Judge Bongiovanni's Order (ECF 41) regarding the Court's in camera review of documents which Defendant asserted were privileged (ECF 48).

     Judge Bongiovanni recommended that the two documents in issue would not be disclosed because they were subject to the work product doctrine.   The two documents are 1) a November 10, 2008 memorandum from Investigator Jeffrey Equils to the case file; and 2) a October 23, 2008 memorandum from Charlene Donovan, PhD to Sentinel (hereinafter "Documents").

     The basic rules of work product are set forth in Fed. R. Civ. P. 26(b)(3)(a).   That Rule states in part:

(3) Trial Preparation: Materials.

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

    (i) they are otherwise discoverable under Rule 26(b)(1); and

    (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

"Generally speaking, the "work product doctrine extends conditional immunity from discovery . . . to written materials prepared in anticipation of litigation."   Lilly, Capra, Salzburg Principles of Evidence §10.3, p., 326 (5th Ed. 2009). The doctrine protects materials prepared by lawyers and others such as investigators and agents if the materials were "prepared for litigation."

In the Documents, the writers noted that the Slutskys threatened litigation, and had filed a "formal letter of Complaint." Hence, the Defendant argues that the Documents fit within the work product privilege because litigation was anticipated, even though the Documents were written about two years before the suit was filed.

Despite the above, the work product doctrine has two exceptions. The first exception is that the doctrine protects materials from or to a lawyer; but it does not protect a client's knowledge of the facts. Secondly, the doctrine may be overcome upon a "showing [of] a substantial need."   Id.   In light of these two exceptions, counsel for Defendant proposed redactions to the Documents that satisfied the work product doctrine, but set forth some key facts.  The Court agrees with this approach.  Basically, all of the facts of the Documents are disclosed; but Defendant's conclusions and impressions which are subject to the work product doctrine are redacted.

ORDER

For the reasons set forth above,

IT IS on this 16th day of December, 2013;

ORDERED Judge Bongiovanni's April 20, 2013 Order is adopted except that the documents enumerated above, as redacted, shall be disclosed to Plaintiffs within ten days.


_s/Peter G. Sheridan_____
PETER G. SHERIDAN, U.S.D.J.